**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION** JUL 27 P 2: 16

|  |  |
|---|---|
| **AMANDA BOZEMAN,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MAXIMUM RECOVERY SERVICES,** | ) |
| **INC., HSBC RETAIL SERVICES, INC.,** | ) |
| **HOUSTON FUNDING CORPORATION,** | ) |
| **DAVID'S BRIDAL, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

**CIVIL ACTION NO.**

2: 11-CV-604-MHT-SRW

## NOTICE OF REMOVAL

**COME NOW** defendants HSBC Retail Services, Inc. and David's Bridal,

Inc. ("Defendants") by and through their undersigned counsel, pursuant to the

provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to

preserve any and all defenses available under Rule 12 of the Federal Rules of Civil

Procedure, any and all defenses under the federal laws of bankruptcy and

specifically preserving the right to demand arbitration pursuant to contractual

agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby give

notice of the removal of this action from the District Court of Covington County,

Alabama, to the United States District Court for the Middle District of Alabama,

Northern Division.  The other served defendant has joined in and given its consent

to this removal.  A true and correct copy of its Consent to Removal is attached

hereto as Exhibit "A." In support of this notice of removal, Defendants state as follows:

## I.  INTRODUCTION

1.     Plaintiff Amanda Bozeman ("Plaintiff") commenced this action by filing a complaint in the District Court of Covington County, Alabama, Case Number DV-2011-900045 on or about June 24, 2011.

2.     Plaintiff's complaint asserts claims which center around allegations that Defendants attempted to collect a debt that was incurred by Plaintiff. Specifically, Plaintiff contends, *inter alia*, that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). [*See Compl*, Count I]. Plaintiff seeks recovery of statutory damages, actual damages, compensatory damages, attorney's fees, and costs. [*Id.*]

3.     This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

## II.   FEDERAL QUESTION JURISDICTION

4.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5.      This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting claims against Defendants based upon alleged violations of the FDCPA, which is a federal consumer protection statute. [*See Compl*, ¶¶ 22-30]; *see also* 15 U.S.C. § 1692; *Clark v. AmSouth Mortg. Co., Inc.*, 474 F. Supp. 2d 1249 (M.D. Ala. 2007) (stating that defendant properly removed case to federal court based upon the plaintiff's allegation of an FDCPA violation). Accordingly, the claims asserted by Plaintiff in her complaint arise under the laws of the United States and could have been originally filed in this Court.

## III.   SUPPLEMENTAL JURISDICTION

6.      This Court can exercise supplemental jurisdiction over Plaintiff's state law claim because this claim forms part of the same case or controversy as Plaintiff's alleged FDCPA violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

7.  In the instant case, Plaintiff's state law claim is related to the same collection activity that forms the basis for Plaintiff's FDCPA claims. Thus, it is clear that Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, falls squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

8.  Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim in this action in order to avoid an unnecessary duplication of judicial resources. *See Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)). In the instant case, Plaintiff's state law claim does not raise novel or complex issues of state law, does not predominate over Plaintiff's demand for relief under the FDCPA, and arises from the same transaction or occurrence.

*See id.* (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. **ADOPTION AND RESERVATION OF DEFENSES**

9.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. **PROCEDURAL REQUIREMENTS**

10.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11.    True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendants to date in this case.

12.    This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

13.    Defendants have heretofore sought no similar relief.

14.    The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing the place where this action is pending in state court.

15.    Contemporaneously with the filing of this notice of removal, Defendants have filed a copy of same with the clerk of the District Court of Covington County, Alabama and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

16.    Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Covington County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

Alan D. Leeth (LEE038)
Matthew T. Mitchell (MIT050)

Attorney for Defendants
HSBC RETAIL SERVICES, INC. AND
DAVID'S BRIDAL, INC.

**OF COUNSEL**:
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 27th day of July, 2011:

Manish H. Patel
Patel & Sledge
115 East Three Notch Street
P. O. Box 849
Andalusia, AL  36420
(334) 222-2255

OF COUNSEL