

ELECTRONICALLY FILED
6/24/2011 4:27 PM
DV-2011-900045.00
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
ROGER POWELL, CLERK

## IN THE DISTRICT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| AMANDA BOZEMAN, | ) |
| PLAINTIFF, | ) |
| v. | ) DV-2011- |
| Maximum Recovery Services, Inc., | ) |
| HSBC Retail Services, Inc., | ) |
| Houston Funding Corporation, | ) |
| David's Bridal, Inc. and fictitious party | ) |
| Defendants A -Z, whose true names and | ) |
| identities are unknown to the Plaintiff at | ) |
| this time, | ) |
| DEFENDANTS. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Amanda Bozeman by and through her attorney and states as follows in a cause of action against Defendants Maximum Recovery Services, Inc., HSBC Bank, David's Bridal and fictitious party Defendants A through Z, whose true names, identities and residences are unknown to the Plaintiff at this time, but who will be added by amendment when their true names and identities are accurately ascertained by further discovery.

1. Amanda Bozeman is an adult resident citizen of Covington County, Alabama, is subject to the jurisdiction of this court and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Defendant, Maximum Recovery Services, Inc. ("Defendant MRS"), at all times relevant hereto, is and was a Texas Corporation engaged in the business of collecting debt within the State of Alabama with its principal place of business located at 1080 W. Sam Houston Pkwy N. Suite 230,

Houston, Texas 77043.

3. Defendant, HSBC Retail Services, Inc. at all times relevant hereto, is and was an Illinois Corporation engaged in business within the State of Alabama which may be served with process at C T Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104.

4. Defendant, Houston Funding Corporation, at all times relevant hereto, is and was a Corporation engaged in business within the State of Alabama and may be served with process at C T Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104.

5. Defendant, David's Bridal, Inc., at all times relevant hereto, is and was a Corporation engaged in business within the State of Alabama and may be served with process at CSC Lawyers Incorporating Svc. Inc., 150 S Perry Street, Montgomery, AL 36104.

6. Fictitious Defendants A through Z are those persons and/or companies, whose names are otherwise unknown to Plaintiff at this time, who were employees, agents and/or assigns of the above named defendants who violated the Fair Debt Collection Practice Act and Negligently and Wantonly Hired and Supervised employees and/or agents stated within this complaint.

7. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and the laws of the State of Alabama.

8. Venue is proper in the District Court of Covington County in that the tortuous acts complained of took place in Covington County, Alabama and in that the Defendant transacts business in this County and State. Further, Plaintiff seeks $9,999.99 from each Defendant which is within the jurisdictional limits of this Court.

### FACTUAL BACKGROUND

9. During 2005 prior to October 1 Plaintiff Bozeman purchased a wedding dress in the amount of $1,500.00. That said amount was charged and Plaintiff was to make monthly payments.

10. That Plaintiff paid monthly payments on said debt for approximately one year or longer.

11. That Plaintiff paid the debt in full and owes nothing further on said alleged debt.

12. That during June of 2010, Plaintiff was contacted by Defendant(s) and/or its agents and threatened Plaintiff with suit if debt was not paid immediately.

13. That during the year of 2010, Defendant and/or its agents and Fictitious Defendants A through Z, whose names are otherwise unknown to Plaintiff at this time threatened Plaintiff with filing warrants if a substantial payment was not paid on the alleged debt. By making such threats Defendant(s) was able to fraudulently obtain moneys from Plaintiff when such money was not owed.

14. Thereafter on several occasions the Defendant(s) repeated such actions towards the Plaintiff.

15. Plaintiff informed Defendant(s) of prior payments being made and Defendant acknowledged the prior payments however; claimed further amounts were owed.

16. Prior to this call, plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the charge of less that $1,500.00 to David's Bridal Card issued by HSBC.

17. These calls were each a "communication" in an attempt to collect a "debt" as that term is defined by the FDCPA.

18. On or About April 22, 2011 Plaintiff received further telephone calls from Defendant(s) and/or its agents and Fictitious Defendants A through Z are those persons, whose names are otherwise unknown to Plaintiff at this time threatening suit and/or garnishment if payment was not made within 48 hours.

19. Defendant(s) by and through its agents have repeatedly stated to Plaintiff that a warrant will issue for non payment, that her account will be garnished, that the Plaintiff's husband's is now

responsible for the debt due to the marriage to Plaintiff and that his check will be garnished.

20. Plaintiff previously paid this debt in full and Defendant(s) continue to harass and threaten the Plaintiff in an attempt to fraudulently steal money from the Plaintiff.

21. The acts of the representatives of all Defendants and the other acts of the debt collectors employed as agents by Defendants who communicated with Plaintiff and her husband, were committed within the line and scope of their agency relationship with their principal, Defendant Maximum Recovery Services, Inc, HSBC Retail Services, Inc, Houston Funding Corporation, and/or David's Bridal, Inc.

## CAUSES OF ACTION

### COUNT I

**Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. At all time material Defendants were not an attorney and lacked the present capacity to file a lawsuit or to garnish Plaintiff's wages.

24. The statements made by Defendants's agents were designed to intimidate and frighten Plaintiff as Plaintiff was caused to believe she would have money taken out of her next few paychecks and/or that she would be arrested.

25. Defendants' attempts to collect this debt was unlawful and illegitimate under the Fair Debt Collection Act.

26. In addition, Defendants violated 15 §U.S.C 1692e(2) by false representation of the5 character, amount of legal status of the alleged debt.

27. Defendants violated 15 §U.S.C 1692g(f)(1) by attempting to collect a debt not permitted

by law.

28. Defendants violated 15 §U.S.C 1692e(10) by use of false representation and deceptive means to collect this debt.

29. The acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

30. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein totaling no more than $9,999.99.

## COUNT II

### Negligent and Wanton Hiring and Supervision

31. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32. Defendants negligently and/or wantonly hired, retained, or supervised incompetent debt collectors, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

33. As a proximate cause of Defendants' negligence, plaintiff has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant as follows:

## COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant totaling no more than $9,999.99.

## COUNT II

### Negligent and Wanton Hiring and Supervision

- for an award of actual damages from each and every Defendant totaling no more than $9,999.99 for damages including emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and negligent and wanton hiring and supervision in an amount to be determined at trial for Plaintiff ;

- for costs; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Manish H. Patel
Manish H. Patel (PAT054)
**PATEL & SLEDGE**
115 East Three Notch Street
P.O. Box 849
Andalusia, Alabama 36420
(334) 222-2255